IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUMINO, INC.,

                 Plaintiff,

v.                                                                      OPINION and ORDER

LUMI IMPORTING LTD d/b/a/                           24-cv-189-wmc
LUMI HOME FURNISHINGS,

                 Defendant.

---

Plaintiff Lumino, Inc. is suing defendant Lumi Importing Ltd d/b/a/ Lumi Home Furnishings for trademark infringement. Before the court now is plaintiff's motion to compel more fulsome responses to certain requests for production. For the reasons explained below, that motion is DENIED without prejudice. Dkt. 49. Because defendant supplemented its document production after the motion to compel, it appears that at least some of the issues raised in plaintiff's motion are now resolved. Moreover, the court is not persuaded that the parties exercised best efforts to resolve their disputes without court intervention. So, the parties are ordered to try again. By the dates set forth below, the parties must meet and confer about the issues raised in the motion, resolve as much as possible, and file a joint report clarifying what remains. The court will then hold a hearing to resolve any lingering disputes. The court will also reserve judgment on cost shifting until then.

BACKGROUND

Plaintiff sued defendant in March 2024 for trademark infringement, unfair competition, and trademark cancellation. Dkt. 36 at 14–15 & 19–20. Defendant filed a motion to dismiss for lack of personal jurisdiction or, alternatively, that the case should be

transferred to the Northern District of Georgia. Dkt. 20 at 6. Plaintiff amended its complaint, Dkt. 36, and defendant filed another motion to dismiss the amended complaint on the same grounds, Dkt. 44. That motion remains pending.

Plaintiff served its first set of document requests on June 14, 2024. Dkt. 50-1. Defendant responded on July 15, 2024, and began producing some documents in a piecemeal fashion. The parties met and conferred to discuss the perceived shortcomings in defendant's production on August 28, 2024. *See* Dkt. 50-3. According to plaintiff, defendant indicated it would produce more responsive documents soon but never gave a date certain to complete the production. Dkt. 49 at 2.

Defendant produced additional documents in October 2024 and March 2025, but plaintiff found them lacking. In March 2025, plaintiff threatened to compel additional production, prompting defendant to suggest another meet and confer, which plaintiff declined. Dkt. 50-6. Following another production of 54 documents at the end of March, plaintiff filed this motion on April 3, 2025. Dkt. 49. Defendant made at least one additional production after plaintiff filed the motion. Dkt 55 at ¶ 11.

Dispositive motions are due August 21, 2025, discovery closes on December 16, 2025, and trial is scheduled for February 2, 2026. Dkt. 32.

ANALYSIS

Plaintiff asserts that defendant's productions are incomplete. But plaintiff does not describe any particular documents that it believes are being withheld. *See e.g.* Dkt. 49 at 9 ("The production made to-date by [defendant] shows that a significant number of relevant documents have not yet been produced."). For some requests, plaintiff argues documents are

missing because defendant indicated it would produce such documents in its response to plaintiff's requests and, in plaintiff's estimation, it appears defendant has not produced them all, *see id.* at 6–7, but plaintiff does not explain why defendant's current productions are insufficient to meet the needs of the case.

In response, defendant argues that it has already produced a substantial volume of responsive documents, even in response to requests defendant objected to on relevance, overbreadth, or duplicative grounds. For example, in response to plaintiff's assertion that "significantly more" email correspondence between some of defendant's corporate officers exists, Dkt. 49 at 8, defendant insists that it has already produced responsive documents, that plaintiff's counsel has not raised any specific gaps or deficiencies with its production, and that it is unaware of the existence of certain, specific correspondence the production of which plaintiff is seeking to compel. Dkt. 54 at 8.

Plaintiff's arguments rarely attempt to reconcile or even acknowledge defendant's responses. And in fairness to plaintiff, this may be because defendant supplemented its production after the motion was filed. But this makes it impossible for the court to understand what disputes are still active. It is not a good use of the court's time and resources to rule on issues that are already resolved and mooted. And in this case, the record shows the parties could have (and should have) continued their efforts to resolve or at least refine these issues before requesting court intervention.

There may be a crystallized dispute somewhere in this motion, but if there is, the court does not see it. Consequently, the court DENIES plaintiff's motion without prejudice and ORDERS the parties to do the following:

3

The parties must meet and confer on the requests at issue by May 2, 2025, and make a good faith effort to resolve as much of this dispute as possible by making serious efforts to understand (1) what is being requested, (2) why, (3) what has already been produced, (4) what is being withheld and on what basis, and (5) what more is needed to move the case forward. If additional documents need to be produced, the parties must agree on a certain deadline for production. During this meeting, plaintiff must bear in mind Rule 26's proportionality requirement—asking for "all" of something when representative samples may suffice is a non-starter. Similarly, defendant must keep in mind that discovery is open notwithstanding the pending motion to dismiss or settlement talks, and that indefinite "rolling" productions are frowned upon.

The parties must file a joint status report on their progress by May 9, 2025, and the court will hold a telephonic hearing on May 16, 2025, at 10:00 a.m. If the parties reach an impasse on any request, they should note that in the report and be prepared to argue their points so that the court may resolve the dispute at the hearing.

SO ORDERED.

Entered April 25, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge