IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUMINO, INC.,

                Plaintiff,

  v.                                                               OPINION and ORDER

LUMI IMPORTING, LTD. d/b/a/ LUMI                    24-cv-189-wmc
HOME FURNISHINGS,

                Defendant.

---

Plaintiff Lumino, Inc. is suing defendant Lumi Importing Ltd. d/b/a/ Lumi Home Furnishings for trademark infringement. Before the court is defendant's motion to compel. Dkt. 125. For the reasons below, the motion is GRANTED in part and DENIED in part.

Defendant has grouped the discovery requests at issue into five categories. The court does the same:

**A.  Requests for Production Nos. 46 and 47**

These requests ask plaintiff to produce documents "sufficient" to show plaintiff's use of the LUMINO mark in commerce for certain goods during certain periods of time. In its motion, defendant emphasizes that it wants "dated photos or other documents showing how the LUMINO marks was actually used . . . ." Dkt. 125 at 7. Defendant also asks for archived webpages and other marketing materials. *Id.* at 9.

The court agrees that the requests seek relevant information—documents showing plaintiff's use of the asserted mark in commerce would bear on issues in the case, including priority and validity. But discovery must also be proportional to the needs of the case, and it must acknowledge reality. Plaintiff attests that it has produced all responsive information in its possession, Dkt. 129 at 6-7, and it has a strong incentive to do so. Failing to produce or

producing late may negatively affect how plaintiff can litigate this case, particularly on issues for which plaintiff bears the burden of proof.

Defendant does not dispute that plaintiff has produced information in response to these requests, but it remains unsatisfied. In particular, defendant notes that there are no photos showing "products [that] were actually contained in the shipping boxes shown in the photos." Dkt. 125 at 8. If these photos exist, they should be produced. But it appears they do not, so the court cannot compel their production. Moreover, defendant has other discovery tools to explore this issue, including depositions.

The court will not compel plaintiff to do more than it has, but if plaintiff belatedly attempts to produce and use information responsive to this request later in the case, defendant may seek to exclude the information on that basis.

**B. Requests for Production Nos. 30, 31, and 84**

These requests ask plaintiff to produce business or marketing plans for products bearing the LUMINO mark, documents related to analysis of plaintiff's competitors in certain fields, and communications with retail partners regarding product or business reviews. In its motion, defendant emphasizes that this would include slide decks for pitches to retailers or other presentations. Dkt. 125 at 10.

The court, again, agrees that these requests seek relevant information—marketing plans and pitches to retailers would speak to channels of trade and possibly customer perceptions. Defendant acknowledges that plaintiff has produced some responsive information but suggests there is more. Dkt. 125 at 11. Plaintiff attests that it has produced most of the responsive documents already, Dkt. 129 at 7, and it told defendant it would supplement its production with the remaining information by December 9, 2025.

2

In light of the parties' continuing work on these requests, the court will not order any additional, particular relief beyond the supplement plaintiff has already planned. Again, plaintiff has an incentive to ensure its production is complete, and any unproduced or late-produced items may be excluded as untimely disclosed.

Before turning to the next category, the court will address plaintiff's redaction of its document production. Defendant complains that plaintiff redacted information from certain slides. Dkt. 125 at 10-11. Plaintiff does not dispute the redactions but notes that defendant never raised the issue in a meet and confer before raising it in the instant discovery motion. Dkt. 129 at 8. The court expects the parties to meet and confer on issues before raising them with the court, so it will not order any relief on this point, but it will offer the following observation: The court generally takes a dim view of parties redacting business information from documents solely because the information is purportedly confidential or sensitive in nature. The court entered a protective order in this case precisely to avoid this sort of activity. Dkt. 43. The court expects the parties to meet and confer on this issue and resolve it without further court intervention.

**C. Requests for Production Nos. 14, 15, 26, 41, and 42**

These requests seek documents related to plaintiff's awareness of defendant and its LUMI mark and communications plaintiff had on these same topics. These documents are unquestionably relevant to plaintiff's claims and defendant's defenses, including its laches defense, so if they were withheld, the court would order them produced. But plaintiff has already conducted a diligent search and produced all responsive information it found. In particular, plaintiff points to sworn testimony from its IT personnel explaining that plaintiff searched for and produced all non-privileged communications and other documents in

3

Lumino's possession that use the term "Lumi," "Lumi Home," and "Lumi Importing" prior to September 14, 2023, including searches of all business and personal email accounts used by relevant custodians. Dkt. 129 at 3, 8. Defendant claims there are inconsistencies in what plaintiff has produced, Dkt. 125 at 13-14, but the record does not support that claim. While it does appear that plaintiff has produced a relatively small number of communications, that does not necessarily mean that those few communications are inconsistent. Again, defendant has other discovery tools at its disposal to explore these points, including depositions.

**D. Requests for Production Nos. 36 and 64**

The requests seek documents concerning plaintiff's claimed lost sales or profits due to defendant's use of its LUMI mark and documents supporting plaintiff's denial of defendant's Request for Admission No. 17, which asked plaintiff to admit or deny that it was not aware of any such lost sales.

Defendant notes that plaintiff's complaint for trademark infringement demands damages, suggesting a lost profit claim, but plaintiff's damages expert provided an opinion only with respect to disgorgement of defendant's profits without analyzing any lost sales or actual damages suffered by plaintiff. Dkt. 125 at 15. Defendant now asks the court to order plaintiff to produce documents showing lost sales or to admit Request for Admission No. 17. Plaintiff responds that it has produced responsive documents and argues that defendant's frustration is a result of it failing to propound more pointed discovery requests. Dkt. 129 at 9.

Plaintiff makes a fair point about the defendant's use of these requests for production—requests for production typically are not the best way to seek this type of information. An interrogatory would have been better. But it really does not matter because Rule 26(a)(1)(A)(iii) requires plaintiff to disclose this information. At this point in the case, plaintiff

should be well aware of whether it is seeking damages in the form of lost profits and, if so, should have a computation and supporting information ready to share in an organized and comprehensive package.

To the extent plaintiff has not already done so,[1] the court ORDERS plaintiff to supplement its disclosures under Rule 26(a)(1)(A)(iii) to specify the damages and other monetary claims it is seeking in this case, along with a computation of those demands and all evidentiary support. Plaintiff may cite documentation by Bates number, but if a computation is required to support the overall dollar amount(s) claimed, it must explain how it did the computation. It cannot simply point to a spreadsheet and expect defendant to figure it out. The supplement is due December 16, 2025.

**E. Interrogatories Nos. 6 and 7**

Interrogatory No. 6 asks plaintiff to state the dollar amount of plaintiff's annual sales for products and services sold under the LUMINO mark sold in the United States from first sale to present. Interrogatory No. 7 asks plaintiff to state the dollar amount of its annual advertising expenditures to promote those goods and services. They also ask for documents supporting the amounts.

Plaintiff responded to the interrogatories with a list of documents identified by Bates number. Defendant argues that these responses are deficient because they do not separate sales and advertising of products and services using the LUMINO mark with those using other marks, which defendant says is problematic because plaintiff's witnesses have conceded that plaintiff has sold products under other brand names. Dkt. 125 at 16.

---

[1] Per the parties' Rule 26(f) report, plaintiff served initial disclosures on May 20, 2024. Dkt. 29 at 4.

5

Plaintiff explains that its sales numbers do not need to be parsed because all of its products are branded with the LUMINO mark. Dkt. 129 at 10. While some products may be co-branded with private labels, plaintiff asserts they are still branded with the LUMINO mark. And plaintiff has provided the underlying sales and marketing information, so defendant could parse sales and expenditure for products it contends should not be included under defendant's theory of the case.

The court finds plaintiff's answers sufficient under the circumstances. Defendant has identified reasons for why plaintiff's numbers are inaccurate or inflated, and it is free to make that argument. Plaintiff is not required to tailor its discovery to defendant's theories. Defendant has been able to ask witnesses about these numbers in depositions, so supplementation is not required.

## ORDER

IT IS ORDERED that:

1. Defendant's motion to compel, Dkt. 125, is GRANTED in part and DENIED in part, as set forth above.

2. The December 9, 2025 telephonic motion hearing is CANCELLED.

3. The parties bear their own costs on this motion.

Entered 8th day of December, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge