IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUMINO, INC.,

            Plaintiff,
            Counter Defendant

v.

LUMI IMPORTING, LTD d/b/a/
LUMI HOME FURNISHINGS,

            Defendant,
            Counter Claimant.

OPINION AND ORDER

24-cv-189-wmc

---

Plaintiff Lumino, Inc. ("Lumino"), claims that defendant Lumi Importing, LTD d/b/a/ Lumi Home Furnishings is infringing on its trademark rights because defendant's use of the term LUMI in its marketing is likely to cause confusion with plaintiff's LUMINO trademarks. Plaintiff also claims that defendant's LUMI HOME FURNISHINGS trademark should be cancelled because it is likely to cause confusion, was procured through fraud, and was illegally assigned. Defendant disputes all of these claims, asserts various defenses, and counterclaims that plaintiff's LUMINO trademarks should be cancelled because they were procured through fraud and have never been used for some or all of the identified goods. In turn, plaintiff also disputes these counterclaims.

The case is now set for a jury trial beginning on February 2, 2026. In advance of the final pretrial conference ("FPTC"), scheduled for January 20, 2026, at 2:30 p.m., this opinion and order addresses the parties' motions in limine. (Dkt. ##135, 146, 147, 149, 156, and 157.)

OPINION

**A. Plaintiff's Motion in Limine, #135.**

Plaintiff has moved in limine to exclude the testimony of defendant's expert witness, Amanda Bolian. (Dkt. #135.) Aside from the fact that the parties engaged in an ill-advised, informal agreement to extend the deadline for disclosure of expert witnesses, plaintiff now argues that Bulian's expert report is fundamentally flawed by virtue of her choosing a control group consisting only of online, Walmart purchasers of homegoods, which fundamentally creates background noise of 62% confusion between *any* brand and the prominence of the Walmart brand itself on its own website. For purposes of determining confusion between the parties' trademarks as a matter of liability, the court agrees that this narrow universe of consumers, as well as the representatives of that universe, both as selected by Ms. Bulian is fundamentally flawed. *Dyson, Inc. v. Bissell Homecare , Inc.*, 951 F. Supp. 2nd 1009, 1017 (ND Ill. 2013).

While survey evidence need not be perfect to be admissible, *Indianapolis Colts, Inc. v. Metropolitan Baltimore Football Club*, 34 F.3rd 410, 416 (7th Cir.1994), the court finds substantial risk of undue prejudice by the jury as to the relevance and significance of this survey in assessing the overall risk of actual confusion by consumers between the specific trademarks at issue for liability purposes and will GRANT THIS MOTION IN PART as to the liability phase of trial, excluding both Ms. Bulian's expert report and the rebuttal report offered by plaintiff's expert, Hal Poret, during that phase of the trial. However, the court will RESERVE IN PART as to the admissibility of both of these reports in the damages phase of trial in light of its understanding that a significant portion of both parties

sales occur online through big box stores like Walmart, making the relevance of arguable confusion in that segment of the relevant consumer market potentially useful to the jury in assessing what damages should be awarded, if any, for those sales, particularly because the other criticisms of Ms. Bulian's survey methodology go mainly to weight, not relevance, when it comes to damages.

B. Defendant's Motions in Limine

1. Motion in Limine #1, dkt. #156.

Defendant has moved in limine to exclude certain testimony of plaintiff's expert witness, Hal Poret. (Dkt. #156.) Consistent with the ruling on plaintiff's motion in limine, the court will GRANT THIS MOTION IN PART as to the liability phase of trial, excluding the rebuttal report offered by plaintiff's expert. However, the court will also RESERVE IN PART as to the admissibility of his report during the damages phase of this trial.

2. Motion in Limine #2, dkt. #146.

Defendant has moved in limine to exclude at trial any testimony, documents, demonstratives, or argument concerning the parties' pre-suit settlement communications and related correspondence, including but not limited to Exhibits D, E, G, H, I, and J of plaintiff's amended complaint. Under FRE 408(a), evidence of "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" and "conduct or a statement made during compromise negotiations about the claim" is not admissible "to

3

prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."

The exhibits referenced explicitly referenced by defendant shall be excluded. These exhibits include settlement offers from plaintiff, offers considered by defendant, and during which whereby the parties' attorneys proport to discuss the relative strength of plaintiff's infringement claims. (Dkt. #36-4,5, 7, 8, and 9.) Indeed, two of the exhibits explicitly state that the relevant communications are for "settlement purposes." (*See* dkt. #36-5, at 5; dkt. #36-7, at 4.)

Nevertheless, plaintiff argues that these exhibits are admissible and relevant to notice, plaintiff's enforcement policy, and defendant's intent. To the extent these exhibits are relevant, defendant neither disputes that plaintiff sent a letter asserting its belief that trademark rights were being infringed nor that defendant became aware of plaintiff's asserted marks before this lawsuit was filed. Moreover all of these facts can be established through stipulation with less prejudice to Lumi. Accordingly, the court will GRANT THIS MOTION IN PART as to Exhibits D, E, G, H, I, and J and will RESERVE IN PART as to the admissibility of other potential exhibits while directing the parties to meet in good faith to hammer out stipulated facts on these subjects.

3. **Motion in Limine #3, dkt. #147.**

Defendant next moves in limine to exclude at trial any evidence, testimony, exhibits, or argument concerning defendant's tax returns. During the damages phase of this trial, information related to Lumi's sales may well be relevant to calculating any potential disgorgement of profits. So far, it also appears that plaintiff has been provided with

4

conflicting documents and testimony, containing substantial variance as defendant's actual profit.  Plaintiff's expert has opined that a common approach to assessing such discrepancies is to analyze the information in relation to the company's tax returns or audited financial statements.  Additionally, this is information a jury may expect the parties to rely upon to assess damages.  Indeed, a jury may wrongly credit defendant's witnesses or fault plaintiff's expert for *not* relying on defendant's tax history when evaluating their testimony.  Informing the jury that neither party is relying on tax returns from certain years would appear to correct this.  However, the court will consider narrowing or corrective jury instructions regarding how they should consider such information in its deliberations.

Finally, defendant's Fed. R. Evid. 404(b) concern is misplaced.  Rule 404(b) excludes "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Here, defendant's failure to file certain tax returns is not related to any intent to create trademark confusion or mislead consumers.  Accordingly, the court will DENY THIS MOTION IN PART as to the damages phase and RESERVE IN PART as to the liability phase.  For example, should defendant open the door by, for example, claiming it is a good corporate citizen, the court *may* allow plaintiff to introduce evidence regarding Lumi's failure to the file tax returns.  If so, counsel should be sure to clear *any* introduction *outside* the jury's presence first, preferably at a break or recess.

4. **Motion in Limine #4, dkt. #154.**

Defendant has also filed motion in limine #4 to exclude plaintiff's late-disclosed damage theory based on its own lost profit calculation. (Dkt. #154.)  Plaintiff

5

acknowledges not disclosing any other damage theory than disgorgement damages until the last day of discovery, although claims its delay should be excused by: Magistrate Judge Boor's order to supplement its Rule 26(a)(3) disclosures; Lumi's so-called "gamesmanship" in delaying documents disclosing its backdoor efforts to replace Lumino as a supplier of home goods to Lowe's; and a disclosure at Russel Doupe's deposition on September 30, 2025, of plaintiff losing at least $1 million per year after losing Lowe's as a customer. (Dkt. #163.) The first excuse is none at all, since there is nothing in the Magistrate's order that would suggest she had granted plaintiff permission to change its long disclosed disgorgement theory of damages. Nor does the fact that discovery had been taken one month before disclosure of a currently new damage theory, in which one of plaintiff's witnesses may have testified to experiencing lost profits of at least $1 million a year, justify adopting to a direct lost profits damages theory on the last day of discovery.

This leaves the question as to whether Lumi's dragging of its feet in discovery may have frustrated plaintiff Lumino's ability to attribute the loss of Lowe's as a customer to Lumi in particular. Although it would seem this would have been obvious by simply examining Lowe's website, which apparently began offering Lumi products in 2024, the court will RESERVE on whether plaintiff should be strictly held to a disgorgement theory as to the loss of those sales or be allowed to supplement its damage claim to include lost profits on those sales alone.

   5.  **Motion in Limine #5, dkt. #149.**

Defendant has moved in limine to exclude plaintiff from offering any argument that defendant is "actually" controlled, operated, owned, and/or run by Golden Champion

Industrial Ltd. ("Golden Champion"), King Koon Industrial Corp. ("King Koon"), Li-Meng Cheng, and/or Tony Cheng, including any suggestion that defendant is merely a "front" for any of those entities.  However, defendant's motion only engages with plaintiff's claims for likelihood of confusion, ignoring its claims to cancel the U.S. Trademark Registration No. 6,310,512 for illegal assignment and fraud.

Regardless, it appears that Li-Ming Cheng is the original applicant and owner of the '512 Trademark Registration and the owner of Golden Champion and King Koon -- two entities with personnel who also work for defendant.  Understanding the relationship among these entities and their personnel may well be relevant to: how defendant marketed its products; when Li-Ming Cheng intended to assign the '512 Registration; and assessing the credibility of Lumi personnel, who have testified that they have no knowledge of what Li-Ming Cheng knew during the application and examination period.

Defendant contends that allowing such arguments will cause "mini-trials on collateral matters."  However, evidence regarding who employed the witnesses, who the parties did business with, and the nature of that business is relevant to understanding how both parties acquired and used their trademarks.  And, regardless of the parties making any arguments about those relationships, the jury members may form their own opinions regarding those relationships.  Accordingly, the court will DENY THIS MOTION.

ORDER

IT IS ORDERED that plaintiff's and defendant's motions in limine are GRANTED, RESERVED, and DENIED as set forth above.

Entered this 16th day of January 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge